**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONALD LASTER, | : | |
| Petitioner, | : | Civil Action No. 10-1830 (JAP) |
| v. | : | |
| NEW JERSEY STATE PAROLE BOARD, | : | **O P I N I O N** |
| Respondent. | : | |

**Pisano**, District Judge:

Petitioner, who is presently confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, filed the Petition at bar seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. See Docket Entry No. 1. Petitioner was given notice, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and ordered to file a supplement clarifying his Petition. See Docket Entry No. 3. Upon receiving such filing from Petitioner, the Court directed Respondent to file a limited answer as to whether Petitioner is being held in custody pursuant to the very order he is challenging, whether Petitioner duly exhausted his claims, and whether the Petition is timely. See Docket Entry No. 7. Respondent complied, and Petitioner traversed to Respondent's answer. See Docket Entries Nos. 12 and 13. For the reasons detailed below, the Petition will be denied, and no certificate of appealability will issue.

**I.   BACKGROUND**

The facts underlying Petitioner's challenges are exceedingly convoluted and, being well-detailed in Respondent's answer, see Docket Entry No. 12, at 6-9, require no recitation in this Opinion.  It shall suffice to state that Petitioner challenges two decisions: one reached by the New Jersey Department of Corrections ("NJDOC") on July 10, 2002 calculating his sentence, and another reached by the New Jersey Parole Board ("NJPB") in May 1995 revoking his parole.  On June 15, 2009, Petitioner filed an application with the Superior Court of New Jersey, Appellate Division ("Appellate Division"), seeking to challenge both the aforesaid NJDOC and NJPB determinations out of time; his application to mount such out-of-time challenges was rejected by the Appellate Division, and the Supreme Court of New Jersey denied him certification.  The instant Petition followed.

**II.  DISCUSSION**

    **A.   Violation of Habeas Rule 2**

> It is axiomatic that Habeas Rule 2(e) requires separate petitions to challenge separate determinations. See 28 U.S.C. § 2254 Rule 2(e) . . . .   Here, Petitioner [first] challenged the [prison officials'] decision to calculate Petitioner's sentence [in a certain fashion]. . . . [Then] Petitioner [elected to challenge the] decision  [that] gave rise to a wholly different determination which, under Habeas Rule 2(e), had to be raised by means of a different petition . . .

Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), aff'd, 460 F. App'x 165 (3d Cir. 2012).

Here, Petitioner challenges two wholly different determinations: (a) the 1995 NJPB decision to revoke his parole; and (b) the 2002 NJDOC sentencing decision.  Thus, the Petition is subject to dismissal for failure to meet the requirements of Habeas Rule 2(e).  Because this shortcoming could be cured in a second round of repleading, it would warrant a dismissal without prejudice.

### B.   The "In Custody" Requirement

Respondent's answer, while thorough in terms of setting forth the facts relevant to Petitioner's claims, suggests confusion as to the issues of exhaustion and the "in custody" requirement.

To invoke habeas corpus review by a federal court, a federal habeas petitioner must satisfy two jurisdictional requirements, one showing that he is "in custody," within the meaning of this term of art, and another showing that he is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The "in custody" requirement includes several distinct conditions.  One of these is that the petitioner must be in

custody when his federal habeas application is filed; another is that the petitioner must be held in custody under the particular determination he is attacking in his petition.[1]  <u>Maleng</u>, 490 U.S. at 490-91; <u>see also</u> <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998). Therefore, the fact that a petitioner was incarcerated at the time he filed his petition is not dispositive for the purposes of an "in custody" inquiry.  If the petitioner's custody at the time his petition is filed results from an order preceding or superceding the one attacked in the petition, then the "in custody" requirement is not satisfied, and the petition is subject to dismissal for lack of jurisdiction.

Here, it is unclear whether Petitioner is still being held in custody pursuant to the May 1995 NJPB determination revoking his parole: indeed, the facts stated in the Petition and Answer leave the Court guessing as to this issue since it appears that Petitioner is now serving the sentence ensuing from the determination that he committed an offense while on parole rather than the determination that his parole should be revoked. Moreover, the allegations stated in the Petition and the factual predicate detailed in the Answer leave the Court without

---

[1]  Other aspects of the "in custody" requirement, being inapposite to the facts at bar and arguments mounted by both sides, are omitted here.

certainty that the sentence Petitioner is currently serving is the one calculated by the NJDOC in 2002[2]

However, out of an abundance of caution and without making a factual determination, the Court will presume that Petitioner is currently being held "in custody" pursuant to both the 1995 NJPB decision and the very sentence calculated by NJDOC in 2002. Operating on the basis of this presumption, the Court cannot find that a prejudicial dismissal of the Petition is warranted due to the "in custody" requirement at this juncture.

### C. The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider

---

[2] In the event that Petitioner's current incarceration ensued from a decision superceding those attacked in the Petition, the Petition is necessarily subject to dismissal for lack of jurisdiction.

whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

Thus, a petitioner must exhaust state remedies by presenting his *federal* constitutional claims to each level of the state courts empowered to hear those claims. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review

6

procedure in the State"); 28 U.S.C. § 2254(c).  Only when a petitioner's federal claims have been fairly presented to each applicable level of the state court, including the state's highest court, is the exhaustion requirement satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.  The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson, 987 F.2d at 987.  Where any available procedure remains, even only theoretically, for the applicant to raise the question presented in the courts of the state, the petitioner has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).  Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation."  Picard, 404 U.S. at  275 (citations and internal quotation marks omitted).  Thus, district courts should dismiss petitions containing unexhausted claims, even if it is not likely that a state court will consider the claims on the merits.  See Rose, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have

dismissed the petition without prejudice for failure to exhaust state remedies"). Therefore, a petition containing claims which are unexhausted, but ruled procedurally deficient by the state courts, will not be dismissed by a district court as unexhausted. See Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).

While the doctrine of procedural default excuses exhaustion, it was not created as an incentive for state litigants to circumvent state court review and, hence, it does not envision a "reward" to those litigants who procedurally default their claims. When a petitioner's failure to comply with a state procedural rule has prevented state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262; accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996); see also Haley, 541 U.S. at 392-93; Murray v. Carrier, 477 U.S. 478, 485 (1986); Hubbard, 378 F.3d at 339; McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). The Court of Appeals for the Third Circuit has noted that in order to

establish "cause" for procedural default, the petitioner must "'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). With regard to prejudice, the petitioner must show that he was denied "fundamental fairness" at trial. See id. (citing Murray, 477 U.S. at 494).

Here, Petitioner's challenges are not unexhausted: rather, they are procedurally defaulted. However, he has not established prejudice, and in addition, his Petition and lengthy traverse do not suggest any cause for his procedural default.[3] Therefore,

---

[3] The Supreme Court addressed the "cause" issue in its recent decision, Maples v. Thomas, 132 S. Ct. 912 (2012). In Maples, the petitioner's post-conviction relief ("PCR") application was prepared by two New York attorneys. See id. at *9. While that PCR application was pending before the trial court, the petitioner's attorneys left their firm for other employ without notifying either the petitioner or the trial court about their inability to continue representation. See id. When the petitioner's PCR application was denied, notices were sent to the attorneys at their former firm's address and returned to the trial court undelivered and unopened. See id. The trial court clerk attempted no further mailing, leaving the petitioner without notice that his time to appeal was triggered. See id. Having no such notice, the petitioner procedurally defaulted on his PCR appeal, and that procedural default barred him from raising his claims in his federal habeas petition. See id. Performing an analysis substantively analogous to that conducted in Holland v. Florida, 130 S. Ct. 2549 (2010), and Miller v. N.J. State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998), the Supreme Court in Maples found that the petitioner showed "cause" for the overcoming the procedural default bar on the grounds of attorney abandonment, which took away not only the petitioner's ability to timely raise his appellate PCR challenges but also the petitioner's ability to raise his federal habeas claims. No such circumstance is present here.

9

Petitioner's challenges are subject to dismissal with prejudice, as barred by his inexcusable procedural default.[4]

### D. The Timeliness Requirement

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir.

---

[4] In Martinez v. Ryan, 132 S. Ct. 1309 (2012), examining the broad rule established in Coleman v. Thompson, 501 U.S. 722 (1991) (counsel's failure to file timely appeal did not constitute cause to excuse procedural default because petitioner had no constitutional right to counsel), the Court found a "narrow exception" to Coleman, holding that a defendant may establish cause for the default of an ineffective assistance claim where counsel in the first state proceeding where the claim could have been raised was ineffective under the standards of Strickland, and where the underlying ineffectiveness claim is "a substantial one," meaning that "the claim has some merit." Here, no such circumstances are present.

10

1999); accord Arriaza Gonzalez v. Thaler, 2012 U.S. LEXIS 574 (Jan. 10, 2012); U.S. Sup. Ct. R. 13.

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory and equitable. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is deemed "properly filed" if it was accepted for filing by the addressee court and such acceptance occurred within the time limits prescribed by the governing state law. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); see also Artuz v. Bennett, 531 U.S. 4 (2000). In contrast, a state filing cannot trigger any statutory tolling if such filing takes place *after* expiration of the petitioner's AEDPA period. See See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

As noted above, the AEDPA statute of limitations is also subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010), Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has

been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; see also Holland, 130 S. Ct. 2549. A litigant's excusable neglect cannot trigger equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. at 2562 (relying on Pace, 544 U.S. at 418). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner's submission could be construed as challenging either the 1995 NJPB decision or the sentence

12

calculation rendered by NJDOC in 2002.  However, when Petitioner tried to prosecute his challenges out of time in state court, the Appellate Division and the Supreme Court of New Jersey found Petitioner's application without merit even under the lenient – and not cognizable on federal habeas review – standard of excusable neglect.  Thus, he cannot meet the stringent equitable tolling requirement posed in federal court, and his Petition cannot qualify for equitable tolling.  Unless Petitioner's application at bar qualifies for statutory tolling, the Petition is subject to dismissal with prejudice as untimely.

Petitioner's challenges to the 1995 NJPB decision and to the 2002 NJDOC sentence calculation expired, respectively, in 1996 and 2003, <u>i.e.</u>, many years before Petitioner filed the application at bar.  Therefore, regardless of how the Court construes the Petition, Petitioner's challenges are untimely, and the Court shall dismiss the Petition with prejudice.

## III. CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that a prejudicial dismissal of the Petition, as both procedurally defaulted and untimely, is correct.

**IV. CONCLUSION**

Based upon the foregoing, this Court will dismiss the Petition  as procedurally defaulted and untimely.  No certificate of

appealability will issue.  An appropriate Order follows.


                    /s/ Joel A. Pisano
                    **JOEL A. PISANO**
                    **United States District Judge**


Dated: July 10, 2012