NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONALD LASTER, | : | |
| | : | Civ. No. 10-1830 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, | : | |
| | : | |
| Respondent. | : | |

PISANO, District Judge

Petitioner is currently incarcerated at the Adult Diagnostic and Treatment Center in Avenel, New Jersey. Petitioner is proceeding *pro se* and previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the petition, with prejudice, as both procedurally defaulted and untimely on July 10, 2012. (*See* ECF Nos. 14 & 15.) Presently pending before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 16.) Respondent has filed a brief in opposition to the motion. (ECF No. 17.) The Clerk will be ordered to reopen this matter so that the Court can rule on the motion. For the following reasons, Petitioner's motion for relief from judgment will be denied.

I. BACKGROUND

As noted in the Court's July 10, 2012 Opinion, Petitioner brought his petition challenging two decisions, one decision made on July 10, 2002 by the New Jersey Department of Corrections regarding calculation of sentence, and one decision by the New

Jersey Parole Board in May 1995 regarding revocation of Petitioner's parole.[1]  This Court ruled to dismiss the petition with prejudice as both procedurally defaulted and untimely.  (*See* ECF Nos. 14 & 15.)  Petitioner filed his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) raising arguments related to the merits of the claims in the original petition.  (*See* ECF No. 16.)  Respondents argue that Petitioner has not met the standard for relief under Rule 60(b) because he has not shown that this Court's earlier decision was based on mistake or was otherwise inappropriate.  (*See* ECF No. 19.)

**II.    DISCUSSION**

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'"  *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)).  "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances."  *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v.*

---

[1] For a further recitation of the underlying facts, the Court cited in its earlier Opinion to Respondent's well-detailed answer.  (*See* ECF No. 12, pg. 6-9.)

2

*Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken.'" *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

With respect to some of the individual provisions of Rule 60(b), "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing that changed circumstances exist. *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For the purposes of this Opinion, the Court will assume, without deciding, that petitioner filed his Rule 60(b) motion within a "reasonable time."

In his two page letter brief, Petitioner requests that this Court reconsider its decision to dismiss his habeas petition by attempting to address issues related to the merits of the dismissed Petition. (*See* ECF No. 16.) As noted above, in order to obtain relief under the Rule 60(b) standard, Petitioner must show that relief from the final judgment is warranted.

Instead, his brief contains limited information which appears to be related to his inability to obtain documents related to his underlying claim. Petitioner has not shown the extraordinary and special circumstances necessary to obtain relief under Rule 60(b)(6). *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004). Accordingly, Petitioner's motion for relief from judgment pursuant to Rule 60(b) will be denied.

### III. CERTIFICATE OF APPEALABILITY

To appeal an order disposing of petitioner's Rule 60(b) motion, a certificate of appealability must issue. *See Hickman v. Cameron*, No. 13-1917, 2013 WL 3802394, at *1 (3d Cir. July 23, 2013) (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); 28 U.S.C. § 2253(c)(2)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

                                        /s/ Joel A. Pisano
                                        JOEL A. PISANO, U.S.D.J.

Dated: November 14, 2013